**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4570-16T1

IN THE MATTER OF THE ESTATE OF
JOHN F. MCGRAIL, JR., Deceased.

_____

Submitted May 24, 2018 — Decided June 13, 2018

Before Judges Gilson and Mayer.

On appeal from Superior Court of New Jersey,
Chancery Division, Camden County, Docket No.
CP-0224-2016.

William J. McGrail, Jr., appellant pro se.

Respondent has not filed a brief.

PER CURIAM

Petitioner William J. McGrail, Jr.,[1] appeals from an April 21, 2017 order finding he gifted a classic automobile to his nephew John F. McGrail, Jr.  We affirm.

---

[1]  Because the parties have the same last name, we refer to the parties by their first names.  We intend no disrespect by the informality.

On August 17, 2016, William filed a claim against John Jr.'s estate related to the vehicle.[2]  William claimed to be the owner of the vehicle.  John Jr.'s estate contended the vehicle was gifted to John Jr., and therefore was an asset of the estate.  On October 28, 2016, William filed an order to show cause and verified complaint seeking to restrain John Jr.'s estate from disposing of the vehicle.  The probate judge conducted a one-day plenary hearing on April 18, 2017, to determine whether William gifted the automobile to John Jr.

The judge heard testimony from John Sr., the father of John Jr. and brother of William.  John Jr.'s wife, Marisabel,[3] also testified.

The following facts were adduced during the plenary hearing. William purchased a new Austin Healy vehicle in 1966.  He had ownership and possession of the vehicle until 2009.  In 2009, William entered a nursing home in Maryland.  William purportedly asked John Jr. to store the vehicle at his home in New Jersey while William was in the nursing home.  William maintained that Medicaid regulations permitted him to maintain ownership of the vehicle while he resided in the nursing home.

---

[2]  John Jr. died intestate on August 3, 2016.

[3]  Marisabel is the administrator of John Jr.'s estate.

According to Marisabel's testimony, John Jr. drove to Maryland with her and her father, to retrieve William's vehicle in 2010. From then until his death, John Jr. repaired, maintained, stored, and insured the vehicle in New Jersey.

After hearing the testimony and assessing the credibility of the witnesses, the judge issued a written opinion, dated April 25, 2017, finding the vehicle was a gift from William to John Jr. The judge determined the testimony of John Sr. was not credible. The judge relied on the testimony of Marisabel, which the court found to be credible.

The judge concluded the vehicle was a gift because all three elements establishing donative intent were satisfied. First, the judge found unequivocal notice of donative intent on the part of William. One of the exhibits marked as evidence during the plenary hearing was a 2013 certificate of title issued to John Jr. for a 1966 Austin Healy. In addition, William left the car in John Jr.'s possession since 2010 without seeking its return or contributing to the upkeep, storage, or insurance for the vehicle.

Second, the judge determined the vehicle was delivered to John Jr. Because the vehicle was inoperable as of 2010, John Jr. physically transported the vehicle from Maryland to New Jersey on a flatbed truck. No one requested the return of the vehicle until after John Jr.'s death.

Third, the judge concluded there was absolute and irrevocable relinquishment of ownership of the vehicle by William because the car was in John Jr.'s possession since 2010. William never drove the car after 2010, and never contributed money for upkeep, repair, or insurance on the car.[4] Only after John Jr.'s death did John Sr. offer to pay the reasonable value of the storage for the vehicle and demand Marisabel return the car.

Based on the facts presented at the plenary hearing, the judge held the vehicle was a gift and therefore an asset of John Jr.'s estate.

A trial court's findings of fact are binding on appeal if supported by "adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. In'vrs Ins. Co. of Am., 65 N.J. 474, 484 (1974). Such findings made by a judge in a bench trial "should not be disturbed unless . . . they are so wholly insupportable as to result in a denial of justice." Id. at 483-84 (alteration in original) (quoting Greenfield v. Dusseault, 60 N.J. Super. 436, 444 (App. Div.), aff'd. o.b., 33 N.J. 78 (1960)). Factual findings that "are substantially influenced by [the judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case"

---

[4] According to Marisabel's testimony, John Jr. paid for removal of rust from the car, repaired the seats, and replaced the carpet.

enjoy deference on appeal. State v. Johnson, 42 N.J. 146, 161 (1964).

We are mindful of our limited scope of review. Post-trial fact findings "are entitled to great weight [on appeal] since the trial court had the opportunity of seeing and hearing the witnesses and forming an opinion as to the credibility of their testimony." In re Will of Liebl, 260 N.J. Super. 519, 523 (App. Div. 1992) (quoting Gellert v. Livingston, 5 N.J. 65, 78 (1950)). Unless the trial judge's findings are "manifestly unsupported or inconsistent with the competent, reasonably credible evidence," the factual conclusions should not be disturbed. Id. at 524 (citing Leimgruber v. Claridge Assocs., 73 N.J. 450, 456 (1977)).

The elements required to prove a gift are: "(1) an unequivocal donative intent on the part of the donor; (2) an actual or symbolic[] delivery of the subject matter of the gift; and (3) an absolute and irrevocable relinquishment by the donor of ownership and dominion over the subject matter of the gift." In re Dodge, 50 N.J. 192, 216 (1967). "Proof of each of these elements . . . must be 'clear, cogent, and persuasive.'" Lebitz-Freeman v. Lebitz, 353 N.J. Super. 432, 437 (App. Div. 2002) (quoting Czoch v. Freeman, 317 N.J. Super. 273, 284 (App. Div. 1999)).

Having reviewed the record, we conclude the judge's findings are supported by substantial credible evidence. All three elements

of a gift were established such that William gifted the 1966 Austin Healy to John Jr. and the vehicle is an asset of John Jr.'s estate.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4570-16T1